UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WAYNE K. CHASE,<br><br>　　Plaintiff,<br><br>　v.<br><br>THE HASKELL COMPANY,<br><br>　　Defendant. | CIVIL ACTION NO.<br>1:22-CV-03941-JPB |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation [Doc. 16]. This Court finds as follows:

### **FACTS AND PROCEDURAL HISTORY**

This case arises out of Wayne K. Chase's ("Plaintiff") employment with The Haskell Company ("Defendant"). Defendant employed Plaintiff from October 14, 2013, until Plaintiff's termination on June 10, 2020. [Doc. 7, p. 2]. According to Plaintiff, Defendant terminated his employment because he was over forty years old. Id. at 7. On August 11, 2022, Plaintiff brought suit against Defendant in the Superior Court of Fulton County. [Doc. 1, p. 10]. Defendant removed the case to this Court on September 29, 2022. Id. at 1.

On October 19, 2022, after Defendant moved for dismissal, Plaintiff filed an Amended Complaint alleging the following causes of action: (1) discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (2) hostile work environment in violation of the ADEA; (3) breach of contract; (4) unjust enrichment; and (5) quantum meruit. [Doc. 7]. On November 1, 2022, Defendant again moved for dismissal. [Doc. 9]. On April 10, 2023, United States Magistrate Judge Justin S. Anand issued a Non-Final Report and Recommendation in which he recommended granting the motion in part and denying the motion in part. [Doc. 16]. Specifically, the Magistrate Judge recommended dismissing the hostile work environment, breach of contract and quantum meruit/unjust enrichment claims and allowing the discrimination claim to proceed. Plaintiff filed objections to the recommendation on April 24, 2023. [Doc. 18].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically

identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

Plaintiff asserts that the Magistrate Judge erred in the following ways:  (1) by failing to clarify whether the dismissal was with or without prejudice; (2) by failing to apply the proper standard of review; (3) by failing to give Plaintiff an opportunity to amend his complaint; and (4) by recommending dismissal of Plaintiff's claims for breach of contract and quantum meruit/unjust enrichment.[1]

1. Objection One:  Dismissal with or without Prejudice

Plaintiff contends that the Magistrate Judge erred by failing to clarify whether the dismissal was with or without prejudice.  More specifically, Plaintiff

---

[1] The Court notes that the objections are very short and contain little analysis.  Indeed, the objections are essentially conclusory statements that the Magistrate Judge erred.  Even though these types of general objections are improper, the Court will analyze them nevertheless.

3

alleges that because the Magistrate Judge "failed to alert the parties whether the claims . . . were being dismissed with or without prejudice," "it is difficult for Plaintiff to present a detailed objection at this time." [Doc. 18, p. 1]. Plaintiff thus asks this Court to order the Magistrate Judge to clarify the Report and Recommendation and allow Plaintiff an additional opportunity to object to the amended report. The Court disagrees that an amended recommendation is needed.

In this case, Defendant moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Generally, a dismissal pursuant to Rule 12(b)(6) is a judgment on the merits. Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929 (11th Cir. 2016). Importantly, a judgment on the merits is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." Id. Consequently, a dismissal with prejudice is thus the "default effect of a proper Rule 12(b)(6) dismissal." Id.

The Magistrate Judge recommended granting Defendant's motion and dismissing Plaintiff's claims for hostile work environment, breach of contract and quantum meruit/unjust enrichment. The Magistrate Judge, however, did not specify whether the dismissal should be with or without prejudice. As stated above, case law instructs that a presumption exists that dismissals for failure to state a claim are with prejudice. Here, because the Report and Recommendation

4

does not specifically recommend that the dismissal be without prejudice, it is presumed that the dismissal would be with prejudice. Ultimately, the Magistrate Judge did not err by failing to clarify whether the dismissal would be with or without prejudice. Moreover, the Court discerns no need to extend Plaintiff's time to object based on the application of this default rule.[2] Thus, to the extent that Plaintiff argues that the Magistrate Judge erred by not clarifying which type of dismissal would apply, the objection is **OVERRULED**.

2. Objection Two: The Standard of Review

In his second objection, Plaintiff contends that the Magistrate Judge failed to apply the proper standard of review. More specifically, Plaintiff asserts that the Magistrate Judge erred because at this stage, a claim should only be dismissed with prejudice if "under no set of potential facts could a party present a claim." [Doc. 18, p. 2].

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012). Federal Rule of Civil Procedure

---

[2] Plaintiff does not explain why he was unable to present a full objection absent the clarification or how a dismissal with or without prejudice would change the substance of the objections.

5

8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is insufficient if it only tenders naked assertions devoid of further factual enhancement. Id. Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Traylor, 491 F. App'x at 990 (quoting Iqbal, 556 U.S. at 678). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), a court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations, Iqbal, 556 U.S. at 678.

Accordingly, evaluation of a motion to dismiss requires two steps: (1) a court must eliminate any allegations in the pleading that are merely legal conclusions and (2) where there are remaining well-pleaded factual allegations, a

6

court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

After reviewing the Report and Recommendation, the Court finds no indication that the Magistrate Judge failed to apply the standard of review identified above.  Indeed, the Magistrate Judge explicitly set forth the correct standard and applied it throughout the recommendation.  Ultimately, the Court finds that the Magistrate Judge applied the proper standard of review, and therefore the objection is **OVERRULED**.

3. Objection Three:  Opportunity to Amend

Plaintiff contends that the Magistrate Judge erred by recommending dismissal instead of giving Plaintiff an opportunity to amend.  The Court disagrees.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  Although this rule sets forth a liberal standard, "[f]iling a motion is the proper method to request leave to amend a complaint." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).  Indeed, Federal Rule of Civil Procedure 7(b) provides that "[a] request for a court order must be made by motion," which shall be "in writing unless made during a hearing or trial" and "state with particularity the grounds for seeking the order."  As to motions for leave to amend a pleading, the motion "should either set forth the substance of the

7

proposed amendment or attach a copy of the proposed amendment." Long, 181 F.3d at 1279.

In this case, Plaintiff has not properly requested leave to amend his complaint. Instead of filing a motion, Plaintiff merely mentioned in his response to Defendant's motion to dismiss that if he has failed to state a claim, "the remedy would not be to dismiss the Amended Complaint, but to provide Plaintiff with an opportunity to correct [the pleading deficiencies] by amendment." [Doc. 12, p. 1]. Significantly, this request to amend was not made through the filing of a separate motion nor did it set forth the substance of the proposed amendment or attach a copy of it.

Plaintiff again requested leave to amend his complaint in his objections. Although Plaintiff was put on notice by the Magistrate Judge of the appropriate procedure for requesting leave to amend, Plaintiff's second request was no more detailed or procedurally proper than the first, as Plaintiff simply stated that he "should be permitted at least one amendment to remedy any supposed defect." [Doc. 18, p. 2]. In sum, because Plaintiff has not properly requested leave to amend despite having had ample time to properly make the request, the Court finds that the Magistrate Judge did not err by recommending dismissal. See Cita Tr. Co. A.G. v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018) (recognizing that

"where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly"). Thus, Plaintiff's objection as to this ground is **OVERRULED**.

    4. <u>Objection Four: Contract and Quantum Meruit/Unjust Enrichment Claims</u>

Plaintiff brought breach of contract and quantum meruit/unjust enrichment claims against Defendant for its failure to pay him commissions or bonuses that he was allegedly entitled to pursuant to Defendant's Bonus Plan. [Doc. 7, p. 23]. As to the breach of contract claim, the Magistrate Judge determined that it was subject to dismissal because "the Amended Complaint does not point to any particular term or provision that would allegedly create a specific contractual right to receive any particular commissions. Plaintiff, rather, alleges generally that [the documents attached to the Amended Complaint] entitled him to receive certain commissions that have been denied to him." [Doc. 16, p. 12]. Ultimately, the Magistrate Judge recommended dismissal because he could not "find any contractual entitlement based on the mere fact that Plaintiff had been working on projects when he was terminated." <u>Id.</u> at 13. As to the claims sounding in equity (quantum meruit/unjust enrichment), the Magistrate Judge found that those claims failed because the Amended Complaint failed to allege facts showing specific promises to pay commissions. <u>Id.</u> at 14.

In his final objection, Plaintiff argues that his "contract and equity claims are not lacking," that he "has stated a claim that under the facts he was entitled to bonuses and commissions that were not paid" and that "[d]iscovery is needed to determine if Plaintiff cannot meet either his contract or equity elements." [Doc. 18, p. 2]. It is important to note that Plaintiff does not identify any specific finding or portion of the recommendation that is supposedly incorrect.

The Court will address the breach of contract claim first. In Georgia, the essential elements of a breach of contract claim are as follows: "(1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." Bryant v. Progressive Mountain Ins. Co., 243 F. Supp. 3d 1333, 1340 (M.D. Ga. 2017). Particularly relevant here, "[a] plaintiff asserting a breach of contract claim must allege a particular contract provision that the defendants violated to survive a motion to dismiss." Id. The Magistrate Judge is correct that Plaintiff failed to identify the specific contractual provision that Defendant violated. In this case, Plaintiff made broad allegations regarding Defendant's alleged breach of the Bonus Plan. Indeed, Plaintiff merely generally alleges that he was entitled to a commission and was not paid that commission. Importantly, in his objections, Plaintiff still does not direct the Court to the specific contractual provision that Defendant allegedly violated. To the extent that Plaintiff argues that the

Magistrate Judge erred in recommending dismissal of the breach of contract claim, the objection is **OVERRULED**.

Under Georgia law, "[q]uantum meruit relies upon an implied promise of compensation between the parties." Middleton v. Int'l Bus. Machs. Corp., 787 F. App'x 619, 623 (11th Cir. 2019). The Magistrate Judge did not err in finding that there was no implied or specific promises between the parties. As the Magistrate Judge explained, the Bonus Plan states "that the policies governing any payments of bonuses and commissions are discretionary and subject to unilateral change by management at any time." [Doc. 16, p. 15]. Ultimately, the quantum meruit claim fails because the Bonus Plan's disclaimers make clear that Defendant "did not promise any commissions, or specific commission payments, to [Plaintiff]." See Middleton, 787 F. App'x at 624. To the extent that Plaintiff argues that the Magistrate Judge erred in recommending dismissal of the equitable claims, the objection is **OVERRULED**.

## CONCLUSION

After reviewing the entirety of the Non-Final Report and Recommendation and considering Plaintiff's objections, the Non-Final Report and Recommendation [Doc. 16] is **ADOPTED** as the order of this Court. For the reasons stated by the Magistrate Judge, Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 4] is

**DENIED AS MOOT**, and Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 9] is **GRANTED IN PART AND DENIED IN PART.** The claims for hostile work environment, breach of contract and quantum meruit/unjust enrichment are **DISMISSED** with prejudice. The Clerk is **DIRECTED** to return this matter to the Magistrate Judge for further proceedings.

    **SO ORDERED** this 1st day of June, 2023.

_____
J. P. BOULEE
United States District Judge